T.C. Summary Opinion 2011-116


UNITED STATES TAX COURT



SHEREAL WALLACE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11411-10S.              Filed September 29, 2011.



Shereal Wallace, pro se.

<u>Christina L. Lewerenz</u>, for respondent.



WELLS, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

case.  Respondent determined a $3,137 deficiency in petitioner's 2007 Federal income tax.  After concessions by respondent, the issues we must decide are whether petitioner is entitled to claim dependency exemption deductions for Daquetta Davis (Ms. Davis) and M.D. and whether petitioner is entitled to the child tax credit for M.D.[2]

## Background

Some of the facts and certain exhibits have been stipulated. The parties' stipulations of facts are incorporated in this opinion by reference and are found accordingly.  At the time he filed his petition, petitioner was a resident of Missouri.

Petitioner timely filed his tax return for 2007, claiming dependency exemption deductions for Ms. Davis and M.D. and a child tax credit for M.D.  Ms. Davis is petitioner's niece, and M.D. is Ms. Davis' daughter.  At the close of 2007, Ms. Davis was 21 years old and M.D. was 2 years old.  Ms. Davis is not married, and petitioner is not sure who is the father of M.D.  Petitioner took Ms. Davis and M.D. into his home during January 2007 because they were homeless, and they resided in a spare room in his home until October 2007.  Ms. Davis received her certificate of high school equivalence on September 4, 2007.  During the period when

---

[2]The Court refers to minor children by their initials.  See Rule 27(a)(3).

Ms. Davis and M.D. resided with petitioner, Ms. Davis did not have a job and received no other income.

Respondent issued a notice of deficiency to petitioner, and petitioner timely filed his petition with this Court.

## Discussion

As a general rule, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). If the taxpayer satisfies certain substantiation and record keeping requirements, the burden of proof regarding factual matters may shift to the Commissioner. See sec. 7491(a). Petitioner has not contended, and we do not find, that the burden of proof should shift to respondent. See sec. 7491(a)(2)(A) and (B).

A taxpayer may claim a dependency exemption deduction with respect to an individual who is either a "qualifying child" or a "qualifying relative". Secs. 151(c), 152(a). To be a taxpayer's "qualifying child", an individual must: (A) Bear a qualifying relationship to the taxpayer; (B) have the same principal place of abode as the taxpayer for more than one-half of the taxable year; (C) meet certain age requirements; and (D) not have provided more than half of his or her own support for the year. Sec. 152(c)(1).

Additionally, if two or more taxpayers may and do claim the same qualifying child, section 152(c)(4) provides that the child shall be treated as the qualifying child of the parent.[3] However, because Ms. Davis did not claim M.D. as a qualifying child, section 152(c)(4) does not prevent petitioner from claiming M.D. as a qualifying child.

An individual bears a qualifying relationship to the taxpayer if that individual is "a brother, sister, stepbrother, or stepsister of the taxpayer or a descendant of any such relative." Sec. 152(c)(2)(B). As petitioner's niece and grandniece, Ms. Davis and M.D. meet the relationship requirement. Ms. Davis and M.D. lived with petitioner in a room in his home from January through October 2007, more than half of the year.

To meet the age requirement, an individual must be younger than 19 or be a student younger than 24. Sec. 152(c)(3)(A). For purposes of section 152, "student" is defined as an individual who during each of 5 months during the year is a full-time student at an educational institution that normally maintains a regular faculty, curriculum, and enrolled body of students in

---

[3]For tax years beginning after Dec. 31, 2008, the statute has been amended to provide that if an individual may be claimed as a qualifying child by two or more taxpayers for a tax year beginning during the same calendar year, such individual shall be treated as the qualifying child of the taxpayer who is the parent of the individual. The amendment removed the requirement that the child "may be and is claimed" by two or more taxpayers. Fostering Connections to Success and Increasing Adoptions Act of 2008, Pub. L. 110-351, sec. 501(c)(2)(B)(i), 122 Stat. 3980.

attendance at the place where educational activities are conducted. Secs. 152(f)(2), 170(b)(1)(A)(ii). M.D. was 2 at the end of the calendar year and therefore meets the age requirement. Ms. Davis was 21 at the end of the calendar year. Although petitioner offered evidence that Ms. Davis obtained her certificate of high school equivalency during September 2007, he did not offer any evidence that she was a full-time student at a qualified educational institution during at least 5 months of the calendar year. Accordingly, petitioner failed to offer evidence that Ms. Davis met the age requirement under section 152, and he is therefore not entitled to claim Ms. Davis as a qualifying child.

Ms. Davis earned no income during the approximately 10 months she and M.D. lived with petitioner, and petitioner provided for all of M.D.'s needs during that period. Accordingly, petitioner provided more than half of M.D.'s support for the year.

Consequently, M.D. meets the statutory definition of "qualifying child", and we therefore hold that petitioner was entitled to a dependency exemption deduction for M.D.

An individual who is not a qualifying child may still, under certain conditions, qualify as a dependent if he or she is a qualifying relative. Sec. 152(a). Pursuant to section 152(d)(1), the term "qualifying relative" means an individual:

(A) who bears a qualifying relationship to the taxpayer; (B) whose gross income is less than the exemption amount defined in section 151(d); (C) for whom the taxpayer has provided more than one-half of the individual's support; and (D) who is not a qualifying child of the taxpayer or any other taxpayer. For 2007, the exemption amount pursuant to section 151(d) was $3,400. Rev. Proc. 2006-53, sec. 3.18, 2006-2 C.B. 996, 1001.

Petitioner offered no evidence regarding the amount of Ms. Davis' gross income during the period when she was not living in his home. Because the burden of proof is on petitioner and he offered no evidence, we conclude that he is not entitled to claim Ms. Davis as a qualifying relative under section 152(d).

Section 24(a) authorizes a tax credit with respect to each qualifying child of the taxpayer. The term "qualifying child" means a qualifying child of the taxpayer as defined in section 152(c) who has not attained age 17. Sec. 24(c). We have already held that M.D. is a qualifying child, and she was under the age of 17. Accordingly, we hold that petitioner is entitled to the child tax credit for M.D.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing and respondent's concessions,

Decision will be entered

under Rule 155.